# APPENDIX

## TO DEFENDANTS' MOTION TO DISMISS
## 7:07-CV-03869-HFF-BHH

## (RESTATEMENT (SECOND) OF TORTS § 611 (f))

it is found to be impossible to make a severance of the harm done, the privilege is lost and the defendant is subject to liability for the total harm.

## TITLE B.  PRIVILEGED CRITICISM ("FAIR COMMENT")

§ 606.  **General Principle**

§ 607.  **Public Officers and Candidates**

§ 608.  **Public Institutions**

§ 609.  **Objects of Art and Science**

§ 610.  **Indirect Criticism of Person by Disparagement of Product or Enterprise**

[This Title, including §§ 606–610, has been omitted. A statement of opinion that does not imply a defamatory statement of fact is no longer actionable, and no privilege is needed. See § 566. See also §§ 580A, 580B.]

## TITLE C.  SPECIAL TYPES OF PRIVILEGE

§ 611.  **Report of Official Proceeding or Public Meeting**

The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported.

**Comment:**

*a. Character of privilege.* The privilege of the publication of reports of defamatory statements covered in this Section is not an absolute privilege. It is, however, somewhat broader in its scope than the conditional privileges covered in §§ 594 to 598A. The basis of this privilege is the interest of the public in having information made available to it as to what occurs in official proceedings and public meetings. The privilege is therefore one of general publication and is not limited to publication to any person

States or the legislative body of a State or the municipal council of a city, town or village. It is also applicable to public proceedings and actions of other bodies or organizations that are by law authorized to perform public duties, such as a medical or bar association charged with authority to examine or license or discipline practitioners.

It is not clear whether the privilege extends to a report of an official proceeding that is not public or available to the public under the law.

*e. Necessity of official action in judicial proceedings.* A report of a judicial proceeding implies that some official action has been taken by the officer or body whose proceedings are thus reported. The publication, therefore, of the contents of preliminary pleadings such as a complaint or petition, before any judicial action has been taken is not within the rule stated in this Section. An important reason for this position has been to prevent implementation of a scheme to file a complaint for the purpose of establishing a privilege to publicize its content and then dropping the action. (See Comment *c*). It is not necessary, however, that a final disposition be made of the matter in quesion; it is enough that some judicial action has been taken so that, in the normal progress of the proceeding, a final decision will be rendered. So too, the fact that the proceedings are *ex parte* rather than *inter partes* is immaterial if the matter has come officially before the tribunal and action has been taken in reference to it.

*f. Accuracy and fairness of report.* The rule stated in this Section requires the report to be accurate. It is not necessary that it be exact in every immaterial detail or that it conform to that precision demanded in technical or scientific reporting. It is enough that it conveys to the persons who read it a substantially correct account of the proceedings.

Not only must the report be accurate, but it must be fair. Even a report that is accurate so far as it goes may be so edited and deleted as to misrepresent the proceeding and thus be misleading. Thus, although it is unnecessary that the report be exhaustive and complete, it is necessary that nothing be omitted or misplaced in such a manner as to convey an erroneous impression to those who hear or read it, as for example a report of the discreditable testimony in a judicial proceeding and a failure to publish the exculpatory evidence, or the use of a defamatory headline in a newspaper report, qualification of which is found only in the text of the article. The reporter is not privileged under this Section to make

Ch. 25            DEFAMATION: DEFENSES            § 611

additions of his own that would convey a defamatory impression, nor to impute corrupt motives to any one, nor to indict expressly or by innuendo the veracity or integrity of any of the parties.

It is not always necessary that the entire proceedings be reported at one time. However, when a newspaper publishes from day to day the report of a judicial proceeding, it may not, after reporting derogatory parts, fail to publish the further proceedings that tend to vindicate the person defamed. The fact that the report of one side of a trial is not as complete as that of the other side is a factor to be considered in determining whether the report, as a whole, is unfair.

  *g. Proceedings in court that lacks jurisdiction.* The fact that a court whose proceedings are reported did not have jurisdiction over the subject matter or the person involved will not affect the existence of the privilege under the rule stated in this Section. This is true whether the lack of jurisdiction depends upon a constitutional or statutory provision or upon a rule of the common law.

  *h. Arrest.* An arrest by an officer is an official action, and a report of the fact of the arrest or of the charge of crime made by the officer in making or returning the arrest is therefore within the conditional privilege covered by this Section. On the other hand statements made by the police or by the complainant or other witnesses or by the prosecuting attorney as to the facts of the case or the evidence expected to be given are not yet part of the judicial proceeding or of the arrest itself and are not privileged under this Section.

  *i. Public meetings.* The privilege covered by this Section also extends to a report of any meeting, assembly or gathering that is open to the general public and is held for the purpose of discussing or otherwise dealing with matters of public concern. As in the case of the report of official proceedings, the purpose of the privilege is to protect those who make available to the public information concerning public events that concern or affect the public interest and that any member of the public could have acquired for himself by attending them. The fact that admission is charged does not destroy the privilege so long as any one is free to pay it. On the other hand, the privilege does not extend to a report of a private meeting, not open to the general public, or to a report of a meeting that does not deal with matters of public concern, even though it is open to the public.