IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John M. Cobin,               )<br>                              )<br>            Plaintiff,      )<br>                              )<br>    vs.                      )<br>                              )<br>                              )<br>                              )<br>Hearst-Argyle Television, Inc. )<br>(d/b/a WYFF 4), Entercom    )<br>Communications Corp. (d/b/a )<br>WORD/WYRD FM), Meredith     )<br>Corporation (d/b/a WHNS-Channel 21 )<br>Fox Carolina), Gannett Company, Inc. )<br>(d/b/a The Greenville News), )<br>Media General (d/b/a WSPA News 7), )<br>                              )<br>            Defendants.     )<br>_____) | Civil Action No. 6:07-3869-HFF-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court on Entercom Communications Corp.'s motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. In his Complaint, the plaintiff alleges that the defendants published defamatory articles, broadcasts, and reports concerning him. All other defendants have been previously dismissed from the case. [Doc. 46.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

**FACTUAL BACKGROUND**

The plaintiff has averred the following facts in his Complaint. In 2006, the plaintiff was the Libertarian Party candidate for the 4th United States Congressional District of South Carolina. (Compl. ¶ 2.) On November 4, 2006, three days before the election (Compl. ¶ 2, 3), the plaintiff was arrested (Compl. ¶ 4) for Criminal Domestic Violence (Def. Ex. 1 (Incident Report).)

The plaintiff claims that the defendants defamed his reputation by misrepresenting the facts of his arrest. Specifically, the Complaint states that the reports and broadcasts of the defendants embellished the severity of the incident from the account actually described in the police report. (Compl. ¶ 4.) The Complaint further contends that the defendants negligently and maliciously broadcast slanderous, untrue defamatory statements including, but not limited to, the allegations that the plaintiff had "beat[] up his wife," "grabbed his wife's neck," and "pushed her down twice" leaving "bruises" and "visible injuries." (Compl. ¶ 5.)

**APPLICABLE LAW**

LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The plaintiff brought this action *pro se*. This fact requires that her pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's

legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this

standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

As stated, the plaintiff has alleged that he was defamed by various newspaper, television, and radio reports that were published and broadcast in November of 2006. All of the defendants, including Entercom, jointly moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Court dismissed all of the defendants but declined to dismiss Entercom from the case because there was no evidence in the record related to reports made by it. The Court, therefore, permitted limited discovery for the parties to explore the reports made by Entercom and the defamatory quality of the same, if any.

4

In accord with the Court's instruction [Doc. 42], Entercom filed a motion for summary judgment on June 6, 2008. By order filed June 9, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff, however, made no response. Accordingly, the Court entered a second Order, on July 22, 2008, giving the plaintiff an additional 20 days to file a response.

The plaintiff missed that deadline but filed a response on the day after, stating:

> Plaintiff ***has so far found no other evidence in support of his case***. Should summary judgment be granted, Plaintiff ***moves that the judgment be granted without prejudice***, in the event that additional relevant evidence is found which would give rise for reviving the case.

(Pl. Resp. Summ. J. at 1 (emphasis added).) As a result of this response, Entercom's motion should be granted. Rule 56 of the Federal Rules of Civil Procedure require the plaintiff, as the opposing party, to come forward with affidavits or other supporting evidence demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). Mere allegations are insufficient. *Id*.

Here, the plaintiff has produced no evidence that Entercom ever published a defamatory statement concerning the plaintiff in any news report. It is his obligation to do so. On the record, no jury could find in his favor.

Moreover, the Court declines to recommend a dismissal without prejudice. The plaintiff has been given ample opportunity to marshal his evidence but has failed to show either results or any real effort to secure them. He never sought an extension of time to conduct discovery, and there is no indication that he attempted to take any even in the time allotted.

The plaintiff has failed to meet his burden to show at least some evidence of defamation on behalf of Entercom. He admits as much in his response.

5

**CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that Defendant Entercom Communications Corp.'s motion for summary judgment [Doc. 52] be GRANTED and the case dismissed *with prejudice*.

                s/ Bruce H. Hendricks
                United States Magistrate Judge

April 15, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).